UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE T. JACKSON,

                                                      Case No.: 22-cv-11000

            Plaintiff,                        Hon. Gershwin A. Drain

v.

AUTO CLUB SERVICES, INC.,

            Defendant.

_____/

**OPINON AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR ALTERNATIVELY MOTION TO TRANSFER VENUE [ECF NO. 11], CANCELLING JANUARY 12, 2023 HEARING AND TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA PURSUANT TO 28 U.S.C. § 1404(a)**

## I.    INTRODUCTION

Plaintiff brought the instant employment action against Defendants Matthew Meeks and Auto Club Services, Inc. (ACS) on May 9, 2022. In lieu of an answer, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction over Matthew Meeks or Improper Venue, or Alternatively, Motion to Transfer Venue on June 21, 2022. Plaintiff filed her response on July 12, 2022, and Defendants filed a reply in support of their present motion on July 20, 2022. A review of the parties' submissions reveals that oral argument will not aid in the disposition of

this matter.  Accordingly, the Court will resolve the pending motion on the briefs and will cancel the hearing scheduled for January 12, 2023.  *See* E.D. Mich. L.R. 7.1(f)(2).

Because the Court possesses personal jurisdiction over the remaining Defendant, ACS, and venue is proper in this Court, the Court will deny the motion to dismiss.  However, the interests of justice strongly favor that this case be transferred to the district it could have been brought in–the United States District Court for the Northern District of Georgia.  This is the district where all the parties and most of the witnesses reside, as well as where the unlawful conduct occurred and was felt.  Accordingly, the Court will grant the request to transfer venue.

## II.    FACTUAL BACKGROUND

Plaintiff was hired by Defendant ACS as an Entrepreneurial Agent ("EA") Recruiter on January 28, 2013.  Defendant is a Michigan corporation with offices in multiple states, including Georgia.  She worked in Michigan along with seventy-two other EAs.  Due to Plaintiff's exceptional work performance, she was promoted to the position of EA Field Distribution Leader.  In this role, she was assigned to launch the new EA Program in the State of Georgia beginning in October of 2018.

In early December of 2020, Defendant ACS held a teleconference with its employees and informed them that the company would be undergoing a

reorganization and restructuring which would result in the reduction of staff. Employees were offered early retirement or the option to apply for the remaining positions.  Plaintiff applied for the Director of Distribution, as well as the EA Development Specialist positions, the latter of which was the job that Plaintiff had been performing at the time of the reorganization.

Plaintiff was not hired for either position that she applied for and complains that three young Caucasian employees with less experience were all hired for Director positions, while Plaintiff was only offered a lateral position with a 5% increase in salary.  Plaintiff further claims that Defendant Meeks began to engage in a continued pattern and practice of harassment including pretextual complaints from independent EAs about Plaintiff's work performance.  Plaintiff argues Defendant ACS's upper management ratified Defendant Meeks' efforts to derail Plaintiff's career advancement.

Plaintiff further maintains she was constructively discharged when she became unable to endure Defendant Meeks' ongoing harassment.  She filed a charge with the Equal Employment Opportunity Commission and received a right to sue letter within ninety days of filing the instant action.  She brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) ("ADEA"), Michigan's

Elliot Larsen Civil Rights Act, MICH. COMP. LAWS §§ 37.2202 *et seq*. ("ELCRA),

and Georgia's Age Discrimination Act, Ga. Code Ann. § 34-1-2 ("GADA").

## III.   LAW & ANALYSIS

### A.   **Rule 41**

As an initial matter, after Defendants moved to dismiss this action based on

a lack of personal jurisdiction over Defendant Meeks and for improper venue,

Plaintiff filed a Notice of Voluntary Dismissal as to Defendant Meeks only on

October 30, 2022.   Pursuant to Rule 41(a)(1)(A), a plaintiff may voluntarily

dismiss an action without a court order if the notice of voluntary dismissal is filed

prior to the defendant either filing an answer or motion for summary judgment.

*See* Fed. R. Civ. P. 41(a)(1)(A).  In this circuit, a motion to dismiss does not

constitute an answer or a motion for summary judgment within the meaning of

Rule 41(a)(1)(A).  *See Aamot v. Kassel*, 1 F.3d 441, 44 (6th Cir. 1993); *see also*

*McCord v. Bd. of Educ.*, No. 17-5548, 2018 U.S. App. LEXIS 2374, at (6th Cir.

Jan. 30, 2018) (the district court did not have the authority to opine on the merits of

the defendants' motion to dismiss because they had not filed an answer or motion

for summary judgment prior to the plaintiff's filing of a notice of voluntary

dismissal).  Accordingly, Plaintiff's claims against Defendant Meeks are dismissed

without prejudice.

### B.  Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue

Here, Plaintiff's voluntary dismissal of Defendant Meeks changes the analysis required for resolving the present motion to dismiss.  Defendants argue the Court must dismiss this case because the Court lacks personal jurisdiction over Defendant Meeks, who is a Georgia resident with minimal contacts with Michigan, none of which stem from any of Plaintiff's asserted claims.  Defendants further maintain dismissal is warranted because venue is improper in this Court.  They assert Plaintiff's constructive discharge took place in Georgia and this action could have been brought in the United States District Court for the Northern District of Georgia.  Finally, Defendants assert that even if personal jurisdiction exists and venue is proper, the interests of justice strongly favor transfer of this matter to the United States District Court for the Northern District of Georgia.

Defendants first argue the Court lacks personal jurisdiction over Matthew Meeks.  Defendants do not address the Court's personal jurisdiction over Defendant ACS, presumably because it is undisputed that the Court has general personal jurisdiction over this defendant, which is incorporated under the laws of this state.  Under Michigan law, general jurisdiction over corporations exists when any of the following relationships between the state and corporation exist:

(1) Incorporation under the laws of this state.
(2) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

(3) The carrying on of a continuous and systematic part of its general business within the state.

MICH. COMP. LAWS § 600.711.  Here, because Defendant ACS is incorporated under the laws of Michigan, this is a sufficient basis for this Court to exercise general personal jurisdiction over ACS.  Accordingly, Rule 12(b)(2) dismissal of this action is inappropriate.

As to the venue issue, Defendants continue to base most of their present motion on Defendant Meeks in asserting venue is improper in this Court.  In fact, Defendants concede that "[a]s for ACS, it admits for purposes of this Motion only that venue could be proper in the Eastern District of Michigan for the failure to promote claims against it under Title VII, the ADEA, the ELCRA and the GADA."  ECF No. 11, PageID.92.  The Court agrees that venue is proper.

Pursuant to Rule 12(b)(3), a defendant may move to dismiss for improper venue.  Fed. R. Civ. P. 12(b)(3).  The plaintiff bears the burden of establishing venue is proper.  *Audi AG & Volkswagen of am., Inc. v. Izumi*, 204 F. Supp.2d 1014, 1017 (E.D. Mich. 2002).  The Court may examine facts outside of the complaint but must draw reasonable inferences and resolve factual disputes in favor of the plaintiff.  *Id*.

Title 28 U.S.C. § 1391(b), the general venue statute, determines the proper venue for Plaintiff's ADEA, GADA and ELCRA claims.  Under this rule,

A civil action may be brought in—

6

(1)  A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)  A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  The general venue statute further states that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ."  28 U.S.C.  § 1391(c).  Here, Defendant ACS is subject to this Court personal jurisdiction under MICH. COMP. LAWS § 600.711. As such, venue is proper for Plaintiff's ADEA, GADA and ELCRA claims.

As to Plaintiff's Title VII claim, 42 U.S.C. § 2000e-5(f)(3) governs the appropriate venue, which states:

Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For

purposes of sections 1404 and 1406 of Title 28, the judicial district in
which the respondent has his principal office shall in all cases be
considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).  Under the express language of Title VII's venue

provision, ACS is subject to the Court's personal jurisdiction.  For these reasons,

Rule 12(b)(3) dismissal is inappropriate.

Defendant ACS also argues that even if personal jurisdiction exists and

venue is proper, the Court should nonetheless transfer the action to the district

court for the Northern District of Georgia because it is the more convenient venue

for nearly every witness and Georgia has a larger interest in the adjudication of

Plaintiff's claims.

Title 28 U.S.C. § 1404(a) authorizes a district court's transfer of a civil

action from one district to another district or division:

For the convenience of parties and witnesses, in the interest of justice,
a district court may transfer any civil action to any other district or
division where it might have been brought.

28 U.S.C. § 1404(a).  The moving party bears the burden of demonstrating by a

preponderance of the evidence that, "in light of these factors, 'fairness and

practicality strongly favor the forum to which transfer is sought.'"  *Amphion, Inc.*

*v.  Buckeye  Elec.  Co.,* 285  F.  Supp.  2d  943,  946  (E.D.  Mich.

2003) (quoting *Thomas  v.  Home  Depot  U.S.A.,  Inc.,* 131  F.  Supp.  2d  934,  936

(E.D. Mich. 2001)).  Ultimately, however, the district court has broad discretion to

grant or deny a motion to transfer, so long as jurisdiction is proper in either court. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994); *see also Flagstar Bank, FSB v. Estrella*, No. 13-cv-13973, 2013 WL 6631545, at * 1 (E.D. Mich. Dec. 17, 2013).

"A transfer pursuant to § 1404(a) requires that: (1) the action could have been brought in the proposed transferee-court; (2) a transfer would promote the interests of justice; and (3) a transfer would serve the parties' and witnesses' convenience." *Estrella*, 2013 WL 6631545, at *2 (internal citation and quotation marks omitted). The Sixth Circuit has set forth relevant factors the district court should consider when deciding whether or not to transfer a civil action. *See Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Such case-specific factors include:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of processes to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Audi AG & Volkswagon of America, Inc. v. D'Amato*, 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004) (quoting *MCNIC Oil & Gas Co. v. IBEX Res. Co.*, 23 F. Supp. 2d 729, 738–39 (E.D. Mich. 1998)).

With respect to the first factor, this case could have been brought in the Northern District of Georgia because all parties are residents of Georgia and thus subject to the general personal jurisdiction of Georgia.

As to the convenience of the parties and witnesses, Defendant ACS maintains that all parties are residents of northern Georgia, including the Plaintiff. The nonparty witnesses who worked as independent contractor EAs and complained about Plaintiff's work performance all reside in Georgia.  Two witnesses involved with Plaintiff's failure to promote claims reside in North Carolina and Florida.

As to ease of access to proof and the practical difficulties associated with trying the case quickly, Defendants concede these factors are neutral.  Many of the documents at issue are electronically stored and the Eastern District of Michigan is on par with the Northern District of Georgia in terms of resolving cases in an expeditious manner.  However, Defendant ACS argues that the fourth and fifth factors strongly favor transfer.  This is due to the fact many of the non-party witnesses with critical information are in Georgia, making it easier to compel their attendance in a Georgia federal court.

Finally, Defendant ACS argues that the interests of justice strongly favor transferring this case to the Northern District of Georgia because the parties are from Georgia and all of the discriminatory acts took place and were felt in Georgia.

In response to Defendant ACS's argument, Plaintiff fails to address the factors this Court must consider in evaluating the request to transfer venue. Rather, Plaintiff argues Defendant ACS is engaging in forum shopping because of "the ideological shift in judicial temperament and perceptions of employment discrimination in a court that maintains a more conservative view of Plaintiff's claims." *See* ECF No. 15, PageID.169. Plaintiff asserts the Court must reject Defendant ACS's effort to compel Plaintiff to litigate her claims in a hostile forum.

Plaintiff's policy-based argument does not pass muster. Here, the interests of justice strongly favor transfer of Plaintiff's claims to the district court for the Northern District of Georgia. The parties and the majority of the witnesses reside in Georgia. The allegedly discriminatory acts were felt in Georgia by a Georgia resident. For these reasons, the Court will grant Defendant ACS's request to transfer this action to the United States District Court for the Northern District of Georgia.

## IV.    CONCLUSION

Accordingly, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or Alternatively, Motion to Transfer Venue [ECF No. 11] is GRANTED IN PART and DENIED IN PART. Rule 12(b)(2) and 12(b)(3) dismissal is denied. The Clerk of the Court shall transfer this action to the

United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

Dated:  January 11, 2023

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 11, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk